UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| CHRISTOPHER LANCASTER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 16-175-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

In a three-page handwritten letter dated August 14, 2016, inmate Christopher Lancaster alleged that in 2012, unidentified officers at the United States Penitentiary – McCreary in Pine Knot, Kentucky, stomped his legs while trying to force him into a cell. He further alleges that he was then placed in a holding cell for 24 hours with no blanket, mattress, or toilet. Lancaster identified his letter only as a "tort claim." [Record No. 1][1]

Absent guidance from Lancaster, the Court characterized his letter as a complaint asserting constitutional tort claims pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [Record No. 3] Lancaster objected, stating that he wished to assert a tort claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"). [Record No. 4] Notwithstanding Lancaster's

---

[1] A review of the Court's online PACER database shows that this case is the second of seven civil rights lawsuits Lancaster filed between March 2016 and January 2017.

clarification, a subsequent order inadvertently referred to his complaint as asserting constitutional tort claims pursuant to 42 U.S.C. § 1983. [Record No. 8]

In September 2016, the Court granted Lancaster's motion to proceed *in forma pauperis*, and ordered him to pay $5.33 as an initial partial filing fee within 28 days. [Record No. 8] In October, Lancaster filed a certificate of inmate account showing that, at that time, he lacked sufficient funds to pay the amount assessed. [Record No. 10] In December 2016, Lancaster filed several motions requesting additional time to pay the initial partial filing fee. [Record Nos. 13, 15] But the account statements filed by Lancaster show that immediately after he received a deposit of $160.00 on August 6, 2016, he spent all of it on August 12, 2016, just two days before he mailed his complaint in this action. [Record Nos. 7, 10] The Court, therefore, denied both motions for additional time to pay the partial fee. [Record Nos. 14, 16] To date, Lancaster has still not paid that initial partial filing fee.

On January 3, 2017, Lancaster filed a motion to amend his complaint to include voluminous new factual allegations, add seven prison officials as defendants, and assert *Bivens* claims against them. [Record No. 18] However, he did not tender any amended complaint with his motion. On the same date, Lancaster sent a letter to the Court stating that his "personal injury tort civil suit" had twice been incorrectly referred to as a *Bivens* suit and, therefore, "[i]f my *Bivens* [suit] filed does not include my tort I would like this tort filed with its own case no. Also with its own informorous (*sic*) pauperis status." [Record No. 19] Lancaster attached a ten-page tendered amended complaint naming USP

– McCreary and the United States as defendants. [Record No. 19-1] Two months later, Lancaster filed a motion to proceed *in forma pauperis*, which was accompanied by an un-certified statement of his inmate account. [Record Nos. 23, 24]

**I.**

As an initial matter, there is insufficient evidence in the record to conclude that Lancaster's failure to pay the initial partial filing fee previously ordered by this Court warrants the dismissal of this action for failure to prosecute. The Court's order requiring payment of $5.33 as an initial partial filing fee was consistent with the calculation set forth in 28 U.S.C. § 1915(b)(1)(A). And if an inmate's account statement shows that he had sufficient means to pay an initial partial filing fee, but he fails to abide by a court order compelling him to do so, his case may be dismissed without prejudice. *McGore v. Wrigglesworth*, 114 F.3d 601, 606-07 (6th Cir. 1997), abrogated on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007).

But Section 1915(b)(4) also provides that, "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." When Lancaster filed his complaint letter, his account balance was only $0.84. [Record No. 7] His recently-filed account statement dated February 3, 2017, suggests that no significant additional deposits have been made since the August deposit, and shows an available balance of only $5.00. [Record No. 24-1] Thus, Lancaster has always lacked the

funds to make the initial partial filing fee calculated under Section 1915(b)(2)(A), and dismissal for failure to make payment is not warranted.

There is at least some basis to believe that Lancaster might have intentionally depleted funds from his inmate account shortly before filing suit to avoid paying a fee, which can warrant dismissal. *Thomas v. Butts*, 745 F. 3d 309, 312 (7th Cir. 2014) ("if the court finds that the prisoner is unable to pay the partial filing fee at the time of collection because he intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss the action.") (internal quotation marks omitted); *Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (a prisoner who depletes all of his funds has the "means" to pay and is not exonerated by section 1915(b)(4)), *overruled in part on other grounds by Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). But Lancaster's act of spending all of his funds shortly before filing suit is only circumstantial evidence of his intent to render those funds unavailable to pay filing fees. Because there is insufficient evidence of Lancaster's intent in spending all of his funds in August 2016, and because he remains obligated to pay the full $350.00 filing fee when funds become available to him, the Court declines to engage in further consideration of his ability to pay the initial partial filing fee.

**II.**

Both Lancaster's motion to amend his complaint to include *Bivens* claims and his motion to file a "tort claim" under the FTCA stem from confusion regarding the intended basis for Lancaster's claims in his original complaint letter. Some of that confusion is due to a lack of clarity in Lancaster's original complaint letter [Record No. 1], but some is due

to the failure to heed Lancaster's letter explaining the nature of his claims [Record No. 4]. To effectuate Lancaster's expressed intent and to clarify the record, the Court will direct the Clerk of the Court to modify the docket to reflect that this is an action under the FTCA, and to identify the United States of America as the sole defendant. *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990). Because this action will now properly reflect Lancaster's intention to have this matter proceed as an action under the FTCA, his request to file a separate "tort claim action" [Record No. 19] and the accompanying motion to proceed *in forma pauperis* in it [Record No. 23] will be denied as moot.

Before Lancaster's FTCA claim may proceed, he must meet his burden of demonstrating that the Court possesses subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). The Court may assert subject matter jurisdiction over Lancaster's claim against the United States only if he presented it to the Bureau of Prisons for administrative settlement and the BOP denied the request. 28 U.S.C. § 2675(a); *Myers v. United States*, 526 F.3d 303, 305 (6th Cir. 2008). Because the Court has a continuing duty to satisfy itself that subject matter jurisdiction is present, *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992), Lancaster must file into the record in this case a copy of his SF-90 form asserting his claim and the BOP's letter denying it. *Frey v. E.P.A.*, 270 F.3d 1129, 1131-32 (7th Cir. 2001); *Thomason v. Gaskill*, 315 U.S. 442 (1942). The Court must dismiss his claim against the United States unless he establishes subject matter jurisdiction in this fashion. *McNeil v. United States*, 508 U.S. 106 (1993).

Finally, Lancaster's motion to amend his complaint to assert *Bivens* claims against federal officials [Record No. 18] will be denied. The Federal Rules of Civil Procedure provide that, ordinarily, a plaintiff is entitled to amend its pleading once as a matter of right if done within twenty-one days after a responsive pleading is required. Fed. R. Civ. P. 15(a)(1)(B); *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000). This rule would apply where, as here, the Court has not yet ordered that service of process be effected upon the defendant.

But Lancaster's motion is insufficient on procedural and substantive grounds. Regarding the former, he failed to actually tender a proposed amended complaint with his motion, without which the Court cannot adequately assess the appropriateness of permitting the amendment. That shortcoming alone is sufficient reason enough to deny the motion. *Roskam Baking Co., Inc. v. Lanham Machinery Co., Inc.*, 288 F.3d 895, 906 (6th Cir. 2002) (holding that while leave to amend a complaint should be "freely given," "implicit in this statement is that the district court must be able to determine whether 'justice so requires,' and in order to do this, the court must have before it the substance of the proposed amendment.").

As to the latter, a district court should deny a requested amendment where the proposed amendment would be futile, such as where the newly-added claim is subject to dismissal. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). Both Lancaster's original complaint and his motion to amend it make clear that the conduct about which he complains occurred at USP-McCreary in July 2012. This includes attempts by BOP officers to force

him into a cell, "stomping" his legs, and placing him in a holding cell for 24 hours without a blanket, mattress, or a toilet. Lancaster's claims thus accrued at this time because he was immediately aware of the injury that formed the basis for his claims. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)).

Lancaster was required to file suit within one year, by July 2013. Ky. Rev. Stat. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). Because he did not attempt to assert his claims until January 2017, his claims are time-barred and are subject to dismissal. *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001). Where the applicability of a statute of limitations bar is plain from the face of the complaint, the claim is subject to *sua sponte* dismissal. Cf. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Baker v. Mukaskey*, 287 F. App'x 422, 424-25 (6th Cir. 2008); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate."). Accordingly, it is hereby

**ORDERED** as follows:

1.      The Clerk of the Court shall **MODIFY** the docket to reflect that this is an action under the FTCA, 28 U.S.C. § 1346(b).

2. The Clerk of the Court shall **TERMINATE** "USP-MCCREARY" as a defendant in this action.

3. Lancaster's motion for leave to file a tort claim [Record No. 19] and his motion to proceed *in forma pauperis* [Record No. 23] are **DENIED** as moot.

4. Lancaster shall file in the record the Standard Form 95 he filed with the Bureau of Prisons regarding the claim asserted in the complaint, as well as the Bureau's letter denying his request for administrative settlement. He must do so within 28 days or the Court will dismiss the case for failure to prosecute and failure to comply with an order of the Court.

5. Lancaster's motion to amend his complaint [Record No. 18] is **DENIED**.

This 9th day of March, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge