UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| CHRISTOPHER LANCASTER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 16-175-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Christopher Lancaster has filed a *pro se* complaint alleging that, in 2012, unidentified officers at the United States Penitentiary – McCreary in Pine Knot, Kentucky stomped his legs while trying to force him into a cell. He further alleges that he was placed in a holding cell for 24 hours with no blanket, mattress, or toilet. [Record No. 1] The Court initially characterized Lancaster's letter as a Complaint asserting constitutional tort claims pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [Record No. 3] Lancaster objected to this characterization, stating that he wished to assert a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"). [Record No. 4] He then filed a motion to amend his Complaint to include a number of new factual allegations, add seven prison officials as defendants, and assert *Bivens* claims against them. [Record No. 18]

To effectuate Lancaster's expressed intention to assert a claim under the FTCA, the Court directed the Clerk of the Court to modify the docket to reflect that this is an action

under the FTCA, and to identify the United States of America as the sole defendant. [Record No. 25 at 5] the Court further advised that, before Lancaster's FTCA claim could proceed, he would be required to demonstrate that there was subject matter jurisdiction by filing a copy of his SF-90 form presenting his claim to the Bureau of Prisons ("BOP") for administration settlement, as well as the BOP's letter denying the claim. [Record No. 25 at 5]

The Court denied Lancaster's motion to amend his complaint to add *Bivens* claims because: (1) he failed to tender a proposed amended complaint with his motion; and (2) his proposed amendment would be futile as it is would be subject to dismissal as time-barred. Specifically, because the actions and events giving rise to Lancaster's purported *Bivens* claims occurred in July 2012, the statute of limitations expired in July 2013. [Record No. 25 at 6-7]

Lancaster then filed a document captioned "Interlocutory Appeal Protesting Denial of Amended Complaint." [Record No. 29] This document was docketed by the Clerk as a motion for reconsideration because Lancaster asked the Court to vacate its prior Order denying his motion to amend his Complaint to add a *Bivens* claim. [Record No. 29] The Court denied Lancaster's request for relief, again noting that Lancaster's proposed *Bivens* claims are untimely. [Record No. 30] The Court further advised that, if Lancaster wishes to file an interlocutory appeal with the United States Court of Appeals for the Sixth Circuit, he should file appropriate documents clearly expressing that intent. [Record No. 30] But the Court also noted that, as the Court's March 9, 2017 Order is not a final order from which an interlocutory appeal will ordinarily lie, Lancaster would incur a $505.00 appellate

filing fee and probable dismissal of his appeal. [Record No. 30 at 1-2] Next, the Court warned that Lancaster remained obligated to comply with the Court's April 5, 2017 Order by filing a copy of his SF-90 form presenting his claim to the BOP for administration settlement, as well as the BOP's letter denying the claim into the record on or before May 26, 2017. [Record No. 30 at 2]

### I. Lancaster's "Motion for Emergency Stay Pending Motion for Consideration"

Lancaster has now filed a document entitled "Motion for Emergency Stay Pending Motion for Consideration." [Record No. 32] In this motion, he asks the Court for an emergency stay "pending reconsideration of time bar of the above case under Rule 60(b)(1)." [Record No. 32 at 1] Lancaster claims he has just obtained "newly discovered evidence" in support of his case. [Record No. 32 at 1] He states that he has been forced to remain inside the Special Housing Unit ("SHU") and that, for safety reasons beyond his control, he "has had property lost or delayed transferring from numerous prison [*sic*] with no access to legal council [*sic*] or documents." [Record No. 32-1]

In support, Lancaster submits a letter dated April 27, 2017 and signed by "M. Ureña," identified as a Correctional Counselor at the Federal Correctional Complex in Coleman, Florida. This letter references correspondence Lancaster received from this Court regarding "the court's denial for the interlocutory Appeal submitted by inmate Lancaster." [Record No. 32-2] The letter states that, "[a]lthough the inmate's appeal submission was time bar [*sic*]," computer records show that Lancaster may have had difficulties filing in a timely manner due to his stay in special housing at several institutions

from 2012 to present. [Record No. 32-2] The letter explains that Lancaster's stay in the SHU and numerous transfers would have given him limited access to filing material or resources. [Record No. 32-2] The letter then requests, on behalf of "unit management," that Lancaster be provided an opportunity to continue with his legal remedy process. [Record No. 32-2]

This letter raises several serious concerns. As an initial matter, it is extremely unusual (if not unheard of) for a prison employee to write such a letter to the Court requesting that additional time be granted to permit a prisoner to pursue such untimely claims, raising questions regarding the letter's authenticity. The letter is also rife with grammatical errors and erroneously refers to this Court's denial of Lancaster's interlocutory appeal. [Record No. 32-2] Although Lancaster filed a document entitled "Interlocutory Appeal" in this Court, as the Court previously explained, this document was construed as a motion for reconsideration because Lancaster asked *this* Court (not the United States Court of Appeals for the Sixth Circuit) to vacate its prior order denying his motion to amend his complaint to add *Bivens* claims. [Record No. 30] To be clear, Lancaster has never had an interlocutory appeal pending in this Court, as such an appeal would be filed with the Sixth Circuit.

Even putting aside these concerns, Lancaster's latest motion and the letter he submits in support do not provide grounds for the relief sought. Lancaster's motion to amend his Complaint to assert claims under *Bivens* was denied as futile because the actions and events giving rise to those claims occurred in July 2012, while the statute of limitations expired in July 2013, or three years before he filed his lawsuit. [Record No. 25]

-4-

Lancaster's construed motion to reconsider the Court's denial of his motion for leave to amend his Complaint was denied for the same reason. [Record No. 30]

Lancaster's motion for an emergency stay essentially requests that the Court apply the doctrine of equitable tolling to the statute of limitations governing his *Bivens* claims on the grounds that his stay in the SHU and transfers between institutions limited his access to filing materials and resources. However, the doctrine of equitable tolling applies sparingly and "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560-61 (6th Cir.2000)). As the Supreme Court has explained,

> [w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)(citations omitted). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys,* 209 F.3d at 561.

Equitable tolling applies only if two requirements are met. "First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011)(quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Neither of these requirements are met here.

Although Lancaster makes the general argument that he had difficulty filing his Complaint because of a "prolong stay in special housing and numerous transfers," as well as the loss of property and/or delayed transfer of his property between institutions [Record No. 32-1, 32-2], limitations on access to legal resources do not justify equitable tolling. "It is well settled that the lack of legal assistance, ignorance of the law or the frustrations of typical prison conditions that make prison-based litigation difficult, such as transfers, lack of access to copies and legal materials, do not constitute exceptional circumstances justifying equitable tolling." *Portman v. Wilson*, No. 10-cv-169-KSF, 2010 WL 4962922 at *2 (E.D. Ky., December 1, 2010)(citations omitted).

More importantly, Lancaster's alleged difficulties arising from stays in the SHU and multiple transfers between facilities do not excuse the lengthy delay present between the date the statute of limitations for his purported *Bivens* claims expired in July 2013 and the date he first attempted to bring these claims by seeking to amend his complaint in January 2017. As more fully explained in this Court's prior orders, Lancaster was required to file suit within one year from the date of the events giving rise to his complaint, or by July 2013. K.R.S. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). However, as Lancaster waited approximately three and a half years after the expiration of the statute of limitations governing his purported *Bivens* claims to file these claims, he cannot be said to have been "pursuing his rights diligently." For all of these reasons, Lancaster's proposed *Bevins* claims are untimely and cannot be saved by equitable tolling of the statute of limitations. Accordingly, his "Motion for Emergency Stay Pending Motion for Consideration" [Record No. 32] will be denied.

## II. Lancaster's FTCA Claims

The Court must conduct a preliminary review of Lancaster's complaint regarding Lancaster's remaining tort claims under the FTCA because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. When testing the sufficiency of the plaintiff's Complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

The FTCA is a limited waiver of sovereign immunity which permits an action against the United States for negligent or wrongful acts or omissions of its employees while acting within the scope of their employment. *See* 28 U.S.C. § 1346(b)(1). *See also Fitch v. United States,* 513 F.2d 1013, 1015 (6th Cir.1975); *United States v. Orleans,* 425 U.S. 807, 813 (1975). The FTCA is the exclusive remedy for tort actions against the federal government, its agencies, and its employees. 28 U.S.C. § 2679.

However, a plaintiff must exhaust administrative remedies prior to adjudicating an FTCA claim in federal court. *Garzon v. Luttrell*, 24 Fed.Appx. 400, 402 (6th Cir. 2001). Thus, under the FTCA, "a claim against the United States for money damages for personal injury cannot be instituted unless the claimant has first presented the claim to the appropriate federal agency and his or her claim has been finally denied by the agency in

writing and sent by certified or registered mail." *Myers v. United States*, 526 F.3d 303 (6th Cir. 2008)(citing 28 U.S.C. § 2675(a)). Pursuant to 28 C.F.R. § 14.9(a), the final denial of an administrative claim must be in writing and sent to the claimant or his or her legal representative, and must include a statement of the reasons for the denial and inform the claimant that he or she may file suit in an appropriate United States District Court no later than six months after the date of mailing of the notification. 28 C.F.R. § 14.9(a).

The FTCA also contains its own statute of limitations, which provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C.A. § 2401.

For these reasons, Lancaster was previously instructed that, before his FTCA claim may proceed, he must demonstrate that this Court possesses subject matter jurisdiction over the claim by filing into the record a copy of his SF-90 form presenting his claim to the BOP for administration settlement, as well as the BOP's letter denying the claim. [Record No. 25 at 5] In response, on May 15, 2017, Lancaster filed a copy of the BOP's letter denying his claim, but failed to file a copy of his SF-90 form. [Record No. 31, 31-1] Thus, Lancaster failed to comply with this Court's Order directing him to file a copy of his SF-90 Form.

However, even putting aside this deficiency, the August 19, 2014 letter from the BOP indicates that Lancaster filed a claim for administrative settlement under the FTCA

arising from events occurring on August 9 and August 12, 2012. [Record No. 31-1] According to the letter, the BOP's investigation into Lancaster's claims showed that, on August 9, 2012, while Lancaster was being placed in a cell in the SHU, he refused to go into the cell, fell, then stuck his leg out of the door to prevent the door from closing. [*Id.*] Lancaster was assessed by the medical staff and was found to have an abrasion on his left lower outside legs but no bleeding and no further medical care was necessary. [*Id.*] On August 12, 2012, while in the SHU, Lancaster was observed in a suicide attempt, removed from his cell, and taken to Health Services for a medical assessment. [*Id.*] The letter states that there were no significant injuries with no apparent distress. [*Id.*]

Lancaster's claim was denied based on the results of the BOP's investigation. The letter informs Lancaster that, if he has further evidence pertaining to his request, he could resubmit his claim within 30 days of the denial. [*Id.*] The letter further states that, if Lancaster disagrees with the BOP's determination denying his claim, he has six months from the date of the letter in which to bring suit in the appropriate United States District Court. [*Id.*]

There is no evidence that Lancaster either re-submitted his claim to the BOP or filed a complaint in an appropriate United States District Court within six months from the date of the letter. In fact, Lancaster did not file his FTCA claim in this Court until August 22, 2016, approximately two years after the BOP denied his claim and eighteen months after the expiration of the six-month deadline for filing his claim as stated in the BOP's August 19, 2014 letter. [Record No. 1, 31-1] Thus, Lancaster's FTCA claim is untimely.

Lancaster admits that he received this letter denying his claim and was aware of the six-month deadline, but he states that "an amended tort claim was filed several weeks later stating the facts which occurred. It seems that this amended tort claim never reached the courts." [Record No. 4] He states that he filed this claim from Hazelton U.S.P. in Bruceton Mills, West Virginia. [*Id.*] However, he further states that he has written the Clerk of Court and "Region" and both have responded that they have no knowledge of a claim being filed. [*Id.*] He does not state to whom this claim was sent, nor does he provide any documentation supporting his statement that he attempted to file an amended tort claim several weeks after he received the denial letter. Moreover, it is unclear from Lancaster's reference to an "amended tort claim" whether he purports to have re-submitted his claim to the BOP or to have filed a lawsuit in a United States District Court. Regardless, there is no evidence in the record that Lancaster successfully did either.

Although Lancaster does not argue that equitable tolling should be applied to the statute of limitations governing his FTCA claim, the Court does not find that the circumstances present here warrant equitable tolling. As noted above, for equitable tolling to apply, Lancaster must establish that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Hall*, 662 F.3d at 749. Here, even accepting Lancaster's statement that he filed an "amended tort claim" within a few weeks of receiving his denial letter in August 2014 as true, this statement alone does not establish the "compelling circumstances" that would justify equitable tolling. As noted above, it is not even clear whether Lancaster's reference to an "amended tort claim" means that he purports to have re-submitted his claim to the BOP or

whether he believed he filed a lawsuit in a United States District Court. What is clear is that Lancaster did not successfully do either one.

Finally, there is no evidence suggesting that Lancaster made any effort to follow-up with this claim, or whatever he believes he filed after receiving the BOP's denial letter in August 2014, until he filed this lawsuit in August 2016. Even assuming that he believed he filed something within a few weeks of the date of his denial letter in August 2014, this does not explain why Lancaster took no further action with respect to this purported claim until filing this lawsuit in August 2016. Lancaster's conduct with respect to his FTCA claim is simply inconsistent with a petitioner who is diligently pursuing his rights and cannot excuse filing a claim over eighteen months after the expiration of the statute of limitations and over four years after the incident occurred.

For all of the reasons outlined abouve, the Court finds that Lancaster's FTCA claim is barred by the applicable statute of limitations and cannot be saved by equitable tolling. Accordingly, his FTCA claim will be dismissed.

### III. Conclusion

For all of the foregoing reasons, it is hereby

**ORDERED** as follows:

1. Lancaster's Motion for Emergency Stay Pending Motion for Reconsideration [Record No. 32] is **DENIED**;

2. The claims asserted in Plaintiff's Complaint [Record No. 1] are **DISMISSED WITH PREJUDICE;**

3. Judgment will be entered contemporaneously with this Memorandum Opinion and Order.

This 26th day of June, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge